

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2009 NOV 12  PM 3:38

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

STEVEN CARLISLE,
On Behalf of Himself and
Others Similarly Situated

    Plaintiff,

v.

SYNERGY CONTRACTORS, INC.

    Defendant.
_____/

CASE NO.

2:09-cv-746-FtM-29 DNF

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiff ("Steven Carlisle" or "Plaintiff"), by his former employer, ("Synergy Contractors, Inc." or "Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff was employed by Defendant from approximately July 21, 2008 through November, 3 2009.

2. During said employment period, Defendant did not compensate Plaintiff for work performed in excess of forty (40) hours in a workweek.

3. Pursuant to the FLSA, Plaintiff seeks unpaid overtime compensation, liquidated damages, post-judgment interest, attorneys' fees and costs from Defendant.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b).

## VENUE

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to these claims occurred in this judicial circuit. Defendant is a Florida Corporation with its principal place of business located in Lee County, Florida.

## PARTIES

6. Plaintiff is a resident of Lee County, Florida.

7. Plaintiff was, at all material times, a covered, non-exempt employee employed by Defendant within the meaning of the FLSA, 29 U.S.C. §203.

8. Defendant employed Plaintiff at its Cape Coral, Florida location.

9. Plaintiff was engaged in interstate commerce or in the production of goods for commerce or in any closely related process or occupation directly essential to such production.

10. At all times material, Defendant was subject to the requirements of the FLSA.

11. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. §203(s)(1) with at least two employees and annual gross sales in excess of $500,000 within the meaning of the FLSA.

## GENERAL ALLEGATIONS

12. At all times material the Plaintiff was employed by the Defendant as an "Estimator".

13. Plaintiff's duties were such that he did not satisfy the requirements for any of the overtime exemptions set forth in the FLSA. Defendant had and has a policy and practice of not paying an overtime premium for hours worked in excess of forty.

14. Plaintiff worked in excess of forty (40) hours in one or more workweeks while employed by Defendant.

15. Despite working in excess of forty (40) hours in a workweek, Plaintiff did not receive overtime payments at a rate of not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

16. Plaintiff has retained the services of the undersigned attorney and is obligated to pay the undersigned a reasonable fee for legal services.

## COUNT I
## (FLSA OVERTIME)

17. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully restated herein.

18. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times Plaintiff's regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

19. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. award all other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a Jury Trial on all issues so triable before a Jury.

By: _____
JASON L. GUNTER, ESQ.
Florida Bar No. 0134694

JASON L. GUNTER, P.A.
1625 Hendry Street, Suite 103
Fort Myers, FL 33901
Tel. No.: (239) 334-7017
Fax No.: (239) 334-6662

Trial Counsel for Plaintiff