**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

STEVEN CARLISLE,  Case No.: 2:09-cv-746-FtM-29DNF
On Behalf of Himself and
Others Similarly Situated

        Plaintiff,

v.

SYNERGY CONTRACTORS, INC.

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, SYNERGY CONTRACTORS, INC., by and through their counsel, and files its response to Plaintiff's Complaint filed herein and states as follows:

1. Admit.

2. Denied.

3. Defendant admits this action purports to state a claim pursuant to the Fair labor Standards Act (FLSA") for overtime compensation, liquidated damages, post-judgment interest, and attorneys fees and costs; however, Defendant denies that Plaintiff has a cause of action for any overtime pay pursuant to any provisions of Federal law, and denies that Plaintiff is entitled to any relief.

4. Defendant admits the allegations of this paragraph for purposes of jurisdiction only; all other express or implied allegations of this paragraph not specifically admitted are hereby denied.

5. Admit.

6. Admit.

7. Admit employment, otherwise all allegations denied.

8. Admit.

9. Denied.

10. Denied as

11. Admitted that annual gross revenue of Synergy Contractors, Inc. was at times material to this action in excess of $500,000. All remaining allegations of this paragraph are denied.

12. Denied, Plaintiff was employed as Project Manager.

13. Denied.

14. Admit.

15. Denied.

16. Admit.

17. Defendant realleges its responses to #1-16

18. Denied.

19. Denied.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Defendant states that Plaintiff cannot state a claim arising under the Fair Labor Standards Act since he was, at all times relevant to the Complaint, an employee exempt from the FLSA's requirements.

2. As a Second Affirmative Defense, Defendant states that Plaintiff cannot state a claim arising under the Fair Labor Standards Act since he cannot show that Defendant

either knew, or should have known, that he was subject to the FLSA's requirements and that he was working hours in excess of forty (40) in any workweek for which he was entitled to overtime compensation.

3. For its Third Affirmative Defense, Defendant states that Plaintiff worked in a position that was exempt from the FLSA provisions; therefore, Plaintiff is exempt from the overtime provisions of the Act, including but not limited to the executive and administrative exemptions.

4. As a Forth Affirmative Defense, Defendant states that all of its actions were taken in good faith with reasonable grounds to believe its conduct was not a violation of the Fair Labor Standards Act.

5. For its Fifth Affirmative Defense, Defendant states that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith, and Defendant was acting in good faith in reliance on and conformity with the Portal to Portal Pay Act 29 U.S.C. §255(8),(11).

6. For its Sixth Affirmative Defense, Plaintiff failed to mitigate his damages by acts including his failure to complain of any alleged illegality of work request of him, his failure to advise Defendant of any objection to working in excess of forty (40) hours per week or to receiving a salary of compensation rather than compensation in a form that could be calculated to provide payment for any overtime hours worked, and his failure to advise Defendant that he was, as alleged in his Complaint, working in excess of forth (40) hours per week in violation of his perceived legal rights.

7. For its Seventh Affirmative Defense, Defendant states that if Plaintiff is entitled to any additional wages, which Defendant expressly denies, he is only entitled to receive half-time pay for any wages due him.

8. For its Eighth Affirmative Defense, Defendant states that even if Plaintiff was not compensated for overtime, Defendant did not willfully violate the Fair Labor Standards Act. The Defendant acted in good faith, reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals, administrative interpretations, practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division, and possessed a reasonable, good faith belief that nay acts or omissions were not in violation of the Fair Labor Standard Act. Therefore, any relief requested by Plaintiff is barred, in whole or in part.

9. For its Ninth Affirmative Defense, Defendant states that Plaintiffs' claims are barred or limited to the extent, if any, that Plaintiffs' claims violate the applicable statute of limitations.

10. For its Tenth Affirmative Defense, Defendant states that Plaintiffs' claims for recovery of liquidated damages and interest are mutually exclusive and, therefore, should be stricken.

11. Defendant reserves the right to assert such other affirmative defenses available pursuant to Federal Rule of Civil Procedure 8© and 12(b) as may be revealed through discovery and disclosure in this manner.

**WHEREFORE**, the Defendant requests that all relief to which it is entitled, including, but not limited to, attorney's fees and costs on all issues to which it is the prevailing party and any other relief which this Honorable Court deems appropriate and necessary.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury to all issues by right so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 15, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel in this action to:  Jason L. Gunter, Esq., JASON L. GUNTER, P.A., 1625 Hendry Street, Suite 103, Fort Myers, FL  33901.

By:  /s/ Geoffrey H. Gentile, Sr.
Geoffrey H. Gentile, Sr.
FBN:  898562
Boyle & Gentile, P.A.
Attorneys for Defendant
2050 McGregor Boulevard
Fort Myers, FL  33901
Telephone:  (239) 337-1303
Facsimile:   (239) 337-7674
GGentile@BoyleGentileLaw.com